UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 172.119.37.156,

Defendant.

Case No.: 26-cv-3747-BAS-SBC

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [DKT. NO. 4]**

Before the Court is an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference filed by Plaintiff Strike 3 Holdings, LLC. (Dkt. No. 4.) For the reasons set forth below, Plaintiff's application is **GRANTED**.

## I. BACKGROUND

On June 25, 2026, Plaintiff filed a complaint against "John Doe," allegedly a subscriber of Spectrum, assigned Internet Protocol ("IP") address 172.119.37.156. ("Defendant"). (Dkt. No. 1.) Plaintiff alleges direct copyright infringement against Defendant. (*Id.*) Plaintiff asserts that it is the registered copyright holder of certain copyrighted works alleged to have been infringed by Defendant. (*Id.*) Plaintiff contends Defendant used the BitTorrent file distribution network to download, copy, and distribute Plaintiff's copyrighted works without Plaintiff's permission. (*Id.*)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject IP address from the Internet Service Provider ("ISP") who assigned the IP address to its subscriber during the relevant period. (Dkt. No. 4.) Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena on Spectrum, pursuant to Federal Rule of Civil Procedure 45, to learn Defendant's true name and address. (*Id.*)

## II. LEGAL STANDARDS

Formal discovery is generally not permitted without a court order before the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

The Ninth Circuit holds that when a defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds.'" *Gillespie*, 629 F.2d at 642. "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578.

## III. DISCUSSION

In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all

previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether there "is a reasonable likelihood that the [proposed] discovery . . . will lead to identifying information about defendant that would make service of process possible." *Id*. at 578-80.

Upon review of the application and its supporting declarations, the Court finds that Plaintiff has shown good cause to subpoena records from Spectrum identifying the subscriber assigned to the subject IP address. First, Plaintiff has identified Defendant with sufficient specificity by using geolocation technology to trace his or her unique IP address to locations in Carlsbad, California and Vista, California, both within this Court's jurisdiction. (Dkt. No. 4-1 at 12; Dkt. No. 4-2 at 33.) Second, Plaintiff has described previous steps taken to locate Defendant, such as using various web search tools, and employing computer investigators and cyber security consultants. (Dkt. No. 4-1 at 14.) Despite these efforts, Plaintiff has been unable to identify Defendant and represents that it cannot do so without the requested discovery. (*Id.*) Third, Plaintiff has set forth sufficient factual allegations as to each of the elements of direct copyright infringement and shows the complaint could withstand a motion to dismiss. Specifically, Plaintiff alleges it owns the subject intellectual property, which Defendant copied and distributed without Plaintiff's authorization, permission, or consent. (Dkt. No. 1; Dkt. No. 4-1 at 15-17.) Fourth, Plaintiff has demonstrated that the requested discovery will lead to identifying information that will make service of process upon Defendant possible. As explained above, Plaintiff's investigation has revealed a unique IP address, and its geolocation technology has identified Spectrum as the owner. (Dkt. 4-1 at 17.) Because the only entity able to correlate an IP address to a specific individual is the ISP, Spectrum, the requested Rule 45 subpoena would lead to information making service of process possible.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 4) as follows:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum for the sole purpose of obtaining the true name and address of Defendant John Doe, based on the IP address listed in the Complaint: 172.119.37.156. Plaintiff may not subpoena additional information about the subscriber and Plaintiff may only use the disclosed information to protect its copyrights in pursuing this litigation.

2. The subpoena must provide at least forty-five (45) calendar days from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

3. Spectrum must notify its subscriber, within fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed will have thirty (30) calendar days from the date of the notice to challenge the disclosure to Plaintiff by filing an appropriate pleading with the Court contesting the subpoena.

4. Plaintiff shall attach a copy of this Order to any Rule 45 subpoena issued pursuant to this Order. Spectrum, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought.

5. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: July 22, 2026

Hon. Steve B. Chu
United States Magistrate Judge